Sullivan, J

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/8/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      Plaintiff,

-against-

UP TO $6,100,000 ON DEPOSIT IN
ACCOUNT NO. 15.5876 AT BANK JULIUS
BAER CO. LTD (GUERNSEY BRANCH);
AND

UP TO $3,651,339 ON DEPOSIT IN
ACCOUNT NO. 15.5568 AT BANK JULIUS
BAER CO. LTD (GUERNSEY BRANCH),

      Defendants in Rem.

**STIPULATION AND ORDER**

07 Civ. 04430 (RJS)

WHEREAS, on or about May 30, 2007, the United States filed a verified complaint for forfeiture (the "Verified Complaint") against the above-described property (hereinafter the "Defendant Funds") pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984, as property constituting or derived from proceeds traceable to fraud in the sale of securities, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. §§ 240.10b-5 and 240.10b5-2;

WHEREAS, on or about July 3, 2007, the United States filed Indictment 07 Cr. 610 (RMB) (the "Indictment") in the United States District Court, Southern District of New York charging Ajaz Rahim (the "Claimant") and Hafiz Muhammad Zubair Naseem ("Naseem") with, *inter alia*, securities fraud, in violation of Title 15, U.S.C., Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2 (the "Related Criminal Case");

WHEREAS, the Indictment also contains a criminal forfeiture allegation charging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2641 of all property constituting or derived from proceeds traceable to the charged offenses, including the Defendant Funds;

WHEREAS, Naseem was arrested and is awaiting trial in the Related Criminal Case; to date, Claimant has not been arrested or otherwise appeared;

WHEREAS, on or about September 14, 2007, the United States provided direct notice to Claimant, through his attorneys, of this forfeiture proceeding pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules");

WHEREAS, on or about October 17, 2007, the Claimant filed a Verified Statement of Interest to the Defendant Funds, pursuant to Rule G(5)(a) of the Supplemental Rules;

WHEREAS, Title 18, United States Code, Section 981(g) provides the basis for a stay of a civil forfeiture proceeding that is related to a pending criminal investigation or prosecution. The statute provides in pertinent part that:

> (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
>
> (2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant, if the court determines that—
>
>> (A) the claimant is the subject of a related criminal investigation or case;
>>
>> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>>
>> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

2

(3) With respect to the impact of civil discovery described in paragraphs (1) and (2), the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case. In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.

(4) In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

. . .

(7) A determination by the court that the claimant has standing to request a stay pursuant to paragraph (2) shall apply only to this subsection and shall not preclude the Government from objecting to the standing of the claimant by dispositive motion or at the time of trial.

WHEREAS, the Claimant submits that this proceeding should be stayed because the requirements of 18 U.S.C. § 981(g)(2) are satisfied, in that the Claimant is the subject of a related criminal case (the Related Criminal Case); the Claimant has standing for purposes of Section 981(g)(2) by virtue of his filing of the Verified Statement of Interest in the Defendant Funds; and Claimant's Fifth Amendment right against self-incrimination will be burdened if the forfeiture action is not stayed and discovery commences;

WHEREAS, Claimant further requests the Court extend the time to file an Answer to the Verified Complaint;

3

WHEREAS, since the Defendant Funds are subject to forfeiture in the pending Related Criminal Case based upon the same factual allegations, the Government submits that civil discovery would adversely affect the ability of the Government to prosecute the Related Criminal Case, which is set for trial as to Naseem on December 10, 2007, and respectfully asks this Court to stay this civil forfeiture proceeding pending either a conviction at trial or a guilty plea as to Naseem in the Related Criminal Case, assuming the trial begins as scheduled on or about December 10, 2007;

WHEREAS, the Claimant and the United States have agreed that the Claimant's time to Answer the Verified Complaint may be extended pending either a conviction at trial or a guilty plea as to Naseem in the Related Criminal Case, assuming the trial begins as scheduled on or about December 10, 2007, and respectfully ask this Court to endorse this Stipulation and Order;

WHEREAS, the consent of the United States to extend Claimant's time to answer is without prejudice to, and shall in no way constitute a reflection on the merits of the United States' position regarding whether Claimant's Statement of Interest should be dismissed or is subject to dismissal under the fugitive disentitlement doctrine codified at 28 U.S.C. § 2466, and the United States specifically reserves the right to move to dismiss or strike the Verified Claim on such grounds at any time after either a conviction at trial or a guilty plea as to Naseem in the Related Criminal Case, assuming the trial begins as scheduled on or about December 10, 2007;

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, Barbara A. Ward, Assistant United States Attorney, of counsel, and the Claimant, Ajaz Rahim, by his attorney, Jay K. Musoff, Esq., that the Claimant's time to Answer the Verified Complaint shall be extended, and the discovery period shall be stayed, pending either a

4

conviction at trial or a guilty plea as to Naseem in the Related Criminal Case, assuming the trial begins as scheduled on or about December 10, 2007.

CONSENTED AND STIPULATED TO:

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By: /s/ Barbara Ward
BARBARA A. WARD
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel: 212-637-1048

Attorney for the Plaintiff,
The United States of America

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Jay K. Musoff
JAY K. MUSOFF
666 Fifth Avenue
New York, New York 10103
Tel: 212-506-5000

Attorneys for the Claimant,
Ajaz Rahim

IT IS SO ORDERED. Claimant Ajaz Rahim's time to Answer the Verified Complaint shall be extended, and the discovery period shall be stayed, pending either a conviction at trial or a guilty plea as to co-defendant Naseem in the Related Criminal Case, assuming the trial begins as scheduled on or about December 10, 2007.

IT IS FURTHER ORDERED that the parties shall notify the Court in writing regarding the status of the Related Criminal case on or before December 18, 2007. At that time, or earlier if the trial date is adjourned, the parties shall submit to the Court a proposed scheduling order, including Claimant's time to Answer the Verified Complaint.

Dated: New York, New York
November 7, 2007

/s/ Richard J. Sullivan
HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

5