UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

-against-

UP TO $6,100,000 ON DEPOSIT IN ACCOUNT NO. ▮5876 AT BANK JULIUS BAER CO. LTD (GUERNSEY BRANCH); AND

UP TO $3,651,339 ON DEPOSIT IN ACCOUNT NO. ▮5568 AT BANK JULIUS BAER CO. LTD (GUERNSEY BRANCH),

        Defendants in Rem.

AJAZ RAHIM,

        Claimant.

DECLARATION OF
JOSHUA KLEIN

07 Civ. 04430 (RJS)

---

STATE OF NEW YORK      )
COUNTY OF NEW YORK    : ss.:
SOUTHERN DISTRICT OF NEW YORK  )

    Joshua Klein, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

    1.    I am an Assistant United States Attorney in the Southern District of New York. I submit this declaration in support of the Government's motion to dismiss or for summary judgment to strike the statement of interest filed by claimant Ajaz Rahim ("Rahim"). This Declaration is based upon my personal knowledge, discussions with counsel for Rahim, a review of the court filings, and discussions with law enforcement officers, and other Assistant U.S. Attorneys.

    2.    As set forth more fully below, this action, and the related criminal case, *United States v. Hafiz Muhammad Zubair Naseem and Ajaz Rahim*, S1 07 Cr. 610 (RPP) (the "Related

Criminal Case"), arise out of a scheme whereby Naseem, an investment banker with Credit Suisse's Global Energy Group in New York, stole material, nonpublic information from Credit Suisse and its clients about nine pending mergers and acquisitions and tipped Rahim, a resident of Pakistan, about these deals prior to their public announcement. Rahim traded on the basis of this information in several overseas brokerage accounts, yielding at least $7.8 million in proceeds.

3.   On May 3, 2007, as a result of an investigation conducted by the Federal Bureau of Investigation ("FBI"), Criminal Complaint 07 Mag. 706 was filed in the Southern District of New York charging Naseem with one count of conspiracy to commit fraud in connection with the purchase and sale of securities, and 25 counts of substantive securities fraud. Based on the affidavit of FBI Special Agent Paul Higgins, a United States Magistrate Judge found probable cause that from in or about April 2006 through in or about February 2007, Naseem and others participated in a scheme to defraud by providing material, non-public information regarding forthcoming announcements relating to acquisitions of nine publicly traded companies to a co-conspirator, who then executed illegal trades in the securities of the target companies. (A copy of the Criminal Complaint against Naseem is attached hereto as Exhibit A to Exhibit 1 of this Declaration).

4.   On May 29, 2007, as a result of the same investigation, Criminal Complaint 07 Mag. 859 was filed in the Southern District of New York charging Ajaz Rahim with one count of conspiracy to commit fraud in connection with the purchase and sale of securities, and 25 counts of substantive securities fraud. Based on the affidavit of Special Agent Higgins, a United States Magistrate Judge found probable cause that from in or about April 2006 through in or about February 2007, Rahim, Naseem and others participated in a scheme to defraud by executing the

illegal securities transactions described above. (A copy of the Criminal Complaint against Rahim is attached hereto as Exhibit B to Exhibit 1 to this Declaration. The Criminal Complaints against Naseem and Rahim are hereinafter referred to together as the "Criminal Complaints").

  5. On or about May 30, 2007, the United States filed Verified Complaint No. 07 Civ. 4430 (RJS) (the "Verified Complaint") seeking forfeiture of up to $6,100,000 on deposit in Account No. ▆5876 at Bank Julius Baer Co. Ltd. (Guernsey Branch) ("Account A"); and up to $3,651,339 on deposit in Account No. ▆5568 at Bank Julius Baer Co. Ltd. (Guernsey Branch) ("Account B") (hereinafter referred to collectively as the "Defendant Funds"). The Verified Complaint alleges that the Defendant Funds are forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(c) and 984 as property constituting or derived from proceeds traceable to specified unlawful activity, namely, fraud in the sale of securities, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. §§ 240.10b-5 and 240.10b5-2. (A copy of the Verified Complaint is attached hereto as Exhibit 1. A copy of the docket sheet in the above-captioned case is attached hereto as Exhibit 2).

  6. The allegations of the Verified Complaint are substantially similar to those set forth in the Criminal Complaints (and the Indictment, as discussed below). (*See, e.g.*, Ex. 1, ¶¶ 4-7) (incorporating allegations of Criminal Complaints)).

  7. On or about October 18, 2008, Ajaz Rahim filed a Verified Statement of Interest claiming an interest in the Defendant Funds. (See Exhibit 3 hereto).

  8. On or about October 19, 2007, Hina Ajaz filed a Verified Claim asserting an interest in and contesting the forfeiture of the Defendant Funds. (See Ex. 2, Docket Entries 7 & 10).

9. On or about July 3, 2007, a federal grand jury in the United States District Court for the Southern District of New York issued Indictment 07 Cr. 610 in 26 counts, charging Naseem and Rahim with conspiracy to commit securities fraud and substantive securities fraud. On or about November 20, 2007, Superseding Indictment S1 07 Cr. 610 was returned in 29 counts, containing substantially the same allegations. (The Superseding Indictment is referred to hereinafter as the "Indictment" and is attached hereto as Exhibit 4). An arrest warrant was issued for Rahim based on the charges in the Indictment.

10. The allegations of the Indictment are substantially similar to those set forth in the Criminal Complaint and the Verified Complaint. The Indictment charges that from in or about March 2006 through at least in or about February 2007, Ajaz Rahim and Hafiz Muhammad Zubair Naseem, and others, participated in a scheme to defraud by executing securities transactions based on material, non-public information regarding forthcoming announcements relating to acquisitions of the following nine publicly traded companies: Northwestern Corporation, Energy Partners, Ltd., Veritas DGC Inc., Jacuzzi Brands, Inc., Trammell Crow Co., Hydril Company, Caremark RX, Inc., John H. Harland Co., and TXU Corp. (the "Issuers"). Credit Suisse was engaged to advise either the target company or the acquiring entity in connection with business combination transactions involving the Issuers. Naseem had access to an internal Credit Suisse database that contained information about certain of these transactions. (See Ex. 4, ¶¶ 6-7).

11. The Indictment alleges that Naseem regularly and repeatedly called Rahim and provided him with Credit Suisse inside information regarding these business combination transactions in violation of (a) the duties of trust and confidence owed by Naseem to Credit

Suisse and its clients, and (b) Credit Suisse's written policies regarding the use and safekeeping of confidential and inside information. (See Ex. 4, ¶¶ 7, 11(a) and (b)).

12.  The Indictment also contains a criminal forfeiture allegation pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2641 seeking forfeiture of all property constituting or derived from proceeds traceable to the charged offenses. (See Ex. 4, ¶¶ 15-16).

13.  On or about October 9, 2007, the Government filed a Bill of Particulars providing notice that the property subject to forfeiture as proceeds of the offenses charged in the Indictment includes all of Rahim's right, title and interest in the Defendant Funds. (See Ex. 5).

14.  The evidence adduced at the criminal trial of co-defendant Naseem established that from March 2006 through at least in or about February 2007, Naseem stole material, nonpublic information from Credit Suisse and its clients regarding the nine publicly traded companies referred to as the Issuers." Credit Suisse was engaged to advise either the target company or the acquiring entity in connection with business combination transactions involving the Issuers (the "Subject Transactions"). Naseem, who was not assigned to work on any of the Subject Transactions, repeatedly searched Credit Suisse's internal computer databases for confidential documents relating to the Subject Transactions, opened and read these documents, and passed material non-public information concerning the Subject Transactions in these documents to Rahim (the "Credit Suisse Inside Information"). Naseem also was observed rummaging through papers on the desks of analysts. Naseem provided the Credit Suisse Inside Information to Rahim in violation of the duties of trust and confidence owed by Naseem to Credit Suisse and its clients and Credit Suisse's written policies regarding the use and safekeeping of confidential and inside information. Naseem typically called Rahim in Pakistan in advance of a public announcement that a particular Issuer was to be acquired by another

entity. He then provided Credit Suisse Inside Information to Rahim regarding the acquisition in question. Shortly after receiving such a call, Rahim purchased securities in that Issuer based on the Credit Suisse Inside Information. Rahim purchased the securities weeks before any public announcement was made regarding the Subject Transactions. Following public disclosure that an Issuer was being acquired, Rahim sold all of the securities that had been purchased, yielding millions of dollars in profits. Rahim executed dozens of purchases and sales based on the Credit Suisse Inside Information. Rahim used Accounts A and B at Bank Julius Baer to execute some of the trades and also deposited proceeds from some of the sales back into the accounts.

15. Of the proceeds from the sales based on the Credit Suisse Inside Information, as described in the preceding paragraph, $6,100,000 in proceeds from such sales was deposited in Account A, and $3,651,339 was deposited in Account B. (Verified Complaint (Ex. 3 hereto, ¶ 8)).

16. On February 4, 2008, following a three-week jury trial before the Honorable Robert P. Patterson, Naseem was convicted of one count of conspiracy and 28 substantive counts of insider trading. On June 4, 2008, Judge Patterson sentenced Naseem to ten years' imprisonment, to be followed by three years' of supervised release, a mandatory special assessment of $2,900, and criminal forfeiture of $9,000,000.

17. Rahim has not been arrested here or abroad or otherwise appeared in the Related Criminal Case.

18. Rahim is aware of the Indictment and charges outstanding against him. The basis of my knowledge is discussions I have had with both Rahim's counsel in a related action brought by the United States Securities and Exchange Commission, and Jay Musoff, Esq., after the Indictment was returned.

       I declare under penalties of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated:  September 2, 2008
          New York, New York

                                                /s/
                                  JOSHUA KLEIN

LIST OF EXHIBITS TO THE
DECLARATION OF JOSHUA KLEIN

1. Verified Complaint No. 07 Civ. 4430, *United States v. Up to $6,100,000 on Deposit in Account No. 15.5876 at Bank Julius Baer Co. Ltd (Guernsey Branch), et al.*

2. Copy of Docket Sheet in Case No. 07 Civ. 4430

3. Verified Statement of Interest of Ajaz Rahim filed on or about October 18, 2007 in Case No. 07 Civ. 4430

4. Indictment S1 07 Cr. 610, *United States v. Hafiz Muhammad Zubair Naseem and Ajaz Rahim*, S1 07 Cr. 610

5. Government's Bill of Particulars filed October 9, 2007

6. Copy of Docket Sheet in Case No. 07 Cr. 710

7. Joint Letter filed by the Government and Counsel for Rahim, July 10, 2008, in Case No. 07 Civ. 4430 (submitted to chambers and not attached hereto)