# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

————————————————

N⁰ 07 Civ. 4430 (RJS)

————————————————

UNITED STATES OF AMERICA,

Plaintiff,

VERSUS

UP TO $6,100,000 ON DEPOSIT IN ACCOUNT NO. 15.5876 AT BANK JULIUS BAER CO. LTD (GUERNSEY BRANCH); AND

UP TO $3,651,339 ON DEPOSIT IN ACCOUNT NO. 15.5568 AT BANK JULIUS BAER CO. LTD (GUERNSEY BRANCH),

Defendants in Rem.

————————————————

MEMORANDUM AND ORDER
June 23, 2009

————————————————

RICHARD J. SULLIVAN, District Judge:

The United States of America, as Plaintiff, brings this action pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984 seeking forfeiture of all right, title, and interest in up to $6,100,000 on deposit in account No. 15.5876 ("Account A"), and up to $3,651,339 on deposit in account No. 15.5568 ("Account B"), both at Bank Julius Baer Co. Ltd (Guernsey Branch) (collectively, "Defendant Funds"). Plaintiff alleges that the Defendant Funds constitute or are derived from proceeds traceable to fraud in the sale of securities, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. §§ 240.10b-5 and 240.105-2. (Compl. ¶¶ 1, 4-5, 9, 13.)

Before the Court is Plaintiff's motion to strike the Claim of Interest filed by Ajaz Rahim ("Rahim"), or, in the alternative, for summary judgment pursuant to Rules 12(b)(1), 12(c), and 56 of the Federal Rules of

Civil Procedure and Rule G(8)(c)(i)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Rules").   Specifically, Plaintiff claims that Rahim, an indicted Defendant in a related criminal case, is a fugitive and accordingly, the Court should strike Rahim's claim as a matter of law pursuant to the Civil Asset Forfeiture Reform Act, codified at 28 U.S.C. § 2866 ("CAFRA").  Rahim contends that he is not a "fugitive" under the common-law meaning of the word or, in the alternative, that the Court should exercise its discretion under CAFRA to deny Plaintiff's motion.

Also pending before this court is a motion by Orrick, Herrington & Sutcliffe LLP ("Orrick") to withdraw as counsel due to Rahim's failure to pay attorney's fees and his refusal to communicate with counsel.

For the reasons set forth below, Plaintiff's motion to strike the claim of Ajaz Rahim for lack of standing is denied. Plaintiff's motion for summary judgment is granted, and accordingly Ajaz Rahim's claim to the Defendant Funds is dismissed. Orrick's motion to withdraw as counsel is granted.

## I.  BACKGROUND

### A.  Facts[1]

In May 2007, as a result of an investigation conducted by the Federal Bureau of Investigation, the government filed complaints against Hafiz Muhammad Zubair Naseem ("Naseem") and Rahim charging each with conspiracy to commit securities fraud and substantive securities fraud in connection with alleged insider trading activities. (Compl. ¶ 4.)

Rahim has been indicted on these charges (Pl.'s 56.1 ¶¶ 2, 5-6; Cl.'s 56.1 ¶ 4[2]) and a warrant has been issued for his arrest  (Pl.'s 56.1 ¶ 8).  Although Rahim is aware of the indictment and the charges outstanding against him, he has not been arrested in the United States or abroad (Pl.'s 56.1 ¶¶ 10-11), nor has he appeared in the pending criminal action (Cl.'s 56.1 ¶ 4).

Although neither party adduced factual evidence of Rahim's citizenship, both parties assume and allege that Rahim is and has been a citizen and resident of Pakistan for all times relevant to these proceedings.  (*See* Compl.

---

[1] The following facts are taken from the pleadings, the Local Rule 56.1 statements submitted by the parties, and the affidavits and exhibits submitted in connection with this motion.  Where only one party's Rule 56.1 statement is cited, the opposing party does not dispute that fact or has offered no admissible evidence to controvert that fact.  Citations to additional facts in the Discussion section follow the same conventions.

[2] The Court will refer to Plaintiff's Statement of Undisputed Facts as "Pl.'s 56.1," and Rahim's Statement of Undisputed Facts as "Cl.'s 56.1."

Ex. B ¶ 7(c);[3] Pl.'s Mem. at 2; Cl.'s Mem. at 6, 9, 11; Pl.'s Repl. at 2.)

Rahim's co-defendant in the related criminal case, Naseem, was convicted of conspiracy to commit securities fraud and substantive securities fraud and was sentenced to, inter alia, ten years imprisonment. (Cl.'s 56.1 ¶ 4.) His appeal is currently pending before the Second Circuit. (*Id.*)

## B. Procedural History

On or about May 30, 2007, the United States filed a Verified Complaint seeking forfeiture of the Defendant Funds as property constituting or derived from proceeds traceable to specified unlawful activity — specifically, fraud in the sale of securities — pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984. (Pl.'s 56.1 ¶ 3.) On or about October 18, 2007, Rahim timely filed a Verified Statement of Interest claiming an interest in the Defendant Funds, pursuant to Rule G(5)(a) of the Supplemental Rules. (Pl.'s 56.1 ¶ 4; Cl.'s 56.1 ¶ 2.) Rahim's ex-wife, Hina Ajaz, has also filed a Statement of Interest claiming an interest in the Defendant Funds. (Cl.'s 56.1 ¶ 3.) The summary judgment motion was filed September 2, 2008. Orrick filed its motion to withdraw as counsel on June 11, 2009. Rahim has not opposed Orrick's motion to withdraw.

---

[3] "A verified complaint is to be treated as an affidavit for summary judgment purposes . . . ." *Conlon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (citations omitted). A statement of Rahim's citizenship is incorporated into the Verified Complaint by "reference as if set out in full" to the Complaint in the related criminal case. (Compl. ¶ 4; *see* Compl. Ex. B ¶ 7(c).)

## II. DISCUSSION

Plaintiff moves to strike Rahim's claim for lack of standing pursuant to Rule G(8)(c)(i)(B) of the Supplemental Rules and Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court notes that Plaintiff does not address the merits of its motion to strike in its memorandum of law, nor does it allege any specific deficiencies in Rahim's constitutional or statutory standing.[4] The Court therefore turns to Plaintiff's summary judgment motion.

## A. Motion for Summary Judgment

The standard for summary judgment is well established. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Matican v. City of New York*, 524 F.3d 151, 154 (2d Cir. 2008). The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005); *see also Celotex Corp. v. Catrett*, 47 U.S. 317 (1986). However, "a party opposing a properly supported motion for summary

---

[4] Claimant satisfactorily establishes injury in fact, causation, and redressability pursuant to constitutional requirements (Cl.'s 56.1 ¶ 1), *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), and has complied with the statutory standing requirements pursuant to Rule G(5) of the Supplemental Rules (*see* Musoff Decl. Ex. A).

judgment must 'set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (quoting Fed. R. Civ. P. 56(e)); *accord First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. County of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008).

### 1. Applicable Law

Pursuant to CAFRA, "[a] judicial officer may disallow a person from using the resources of the courts . . . in furtherance of a claim in any civil forfeiture action upon a finding that such person" is a fugitive from the laws of the United States.  28 U.S.C. § 2466(a).  To determine whether an individual is a fugitive and therefore subject to disentitlement, the Court must find:

> (1) that a warrant or similar process [has] been issued in a criminal case for the claimant's apprehension; (2) the claimant . . . [has] notice or knowledge of the warrant; (3) the criminal case [is] related to the forfeiture action; (4) the claimant [is] not . . . confined or otherwise held in custody in another jurisdiction; and (5) the claimant [has] deliberately avoided prosecution by . . . declining to enter or reenter the United States to submit to its jurisdiction . . . .

*Collazos v. United States,* 368 F.3d 190, 198 (2d Cir. 2004); *accord* 28 U.S.C. § 2466(a).

Because 28 U.S.C. § 2466(a) uses the words "may disallow," once the statutory requirements are met, the Court may exercise its discretion in whether or not to apply fugitive disentitlement to the case at hand. *Collazos*, 368 F.3d. at 198.

### 2. Analysis

#### a. Applicability of § 2466

The parties do not dispute that (1) a warrant has been issued for Rahim's arrest (Pl.'s 56.1 ¶ 8); (2) Rahim has knowledge of the warrant and the indictment outstanding against him (Pl.'s 56.1 ¶ 10); (3) this forfeiture action is based on the same underlying conduct and substantially similar allegations as the related criminal case in which Rahim has been indicted (Pl.'s 56.1 ¶¶ 2, 5-6; Cl.'s 56.1 ¶ 4); and (4) Rahim is not confined in any other jurisdiction (Pl.'s 56.1 ¶ 11).  The parties also acknowledge that Rahim has declined to enter the jurisdiction of the United States, except with regard to his action claiming an interest in the Defendant Funds: in his Verified Statement of Interest, Rahim stated that his "appearance in the above-captioned action does not constitute an appearance for the purpose of any other claim or consent to the jurisdiction of this court or any other court."  (Klein Decl. Ex. 3 ¶ 4; Musoff Decl. Ex. 1 ¶ 4.)  Thus, the sole dispute arises over whether Rahim has "decline[d] to enter or reenter the United States to submit to its jurisdiction; or . . . otherwise evade[d] the jurisdiction of the court in which a criminal case is pending against [him]."  28 U.S.C. § 2466(a); *accord Collazos*, 68 F.3d. at 198.

4

Plaintiff moves for summary judgment on the grounds that, in light of these undisputed facts, it has established a prima facie claim for fugitive disentitlement pursuant to CAFRA and Rahim's claim may be dismissed as a matter of law. (*See* Pl.'s Mem. at 8, 14-15.) Indeed, Plaintiff argues that Rahim's claim constitutes a prototypical attempt to make selective use of the jurisdiction — entering to lay claim to the Defendant Funds while declining to enter the jurisdiction of the United States to answer the charges in a related criminal case. (*See* Pl.'s Mem. at 12, 16; Pl.'s Repl. at 6-7.) In response, Rahim argues that CAFRA does not apply to his case because the common-law definition of "fugitive" does not include Rahim and that the explicit language of CAFRA somehow exceeds the intent of Congress. (Cl.'s Mem. at 6-7, 8-9.)

Rahim's common-law argument is premised on the fact that he has never been to the United States, and that the common-law definition of "fugitive" therefore does not include him. *See United States v. Eng*, 951 F.2d 461, 464 (2d Cir. 1991) (defining a "fugitive" as "a person [who] purposefully leaves the jurisdiction or decides not to return to it, in order to avoid prosecution"). However, the common-law doctrine has been superceded by statute,[5] which by its terms no longer limits the courts' disentitlement power to common-law fugitives. 28 U.S.C. § 2466; *see Collazos*, 368 F.3d at 198-99

---

[5] After the Supreme Court, in *Degen v. United States*, 517 U.S. 820 (1996), held that the federal courts do not, on their own, have the power of fugitive disentitlement, Congress passed CAFRA, conveying this power by statute. *See* 28 U.S.C. § 2466; *Collazos*, 368 F.3d at 198-99.

("[S]ubpart B [of 28 U.S.C. § 2466] extends disentitlement authority beyond common-law fugitives . . . to persons who, although they may have never set foot within the territorial jurisdiction of the United States, know that warrants are outstanding against them and, as a result, refuse to enter the country.").

Indeed, the Second Circuit addressed Rahim's precise argument in *Collazos*, holding that "the text of § 2466 makes plain that statutory disentitlement extends beyond common-law fugitives to encompass persons who may never previously have been in the United States." *Collazos*, 368 F.3d at 197. The Second Circuit's majority holding in *Collazos* is unambiguous, directly on point, and binding authority on this Court. *See United States v. King*, 276 F.3d 109, 112 (2d Cir. 2002). Rahim's reliance on Judge Katzmann's concurrence in *Collazos* is thus wholly unavailing, since any argument calling the majority opinion into question by virtue of a separate concurrence is without merit. *See id.*

As the plain language of the statute indicates, Rahim meets the statutory requirements for fugitive disentitlement under CAFRA. Thus, "the ultimate decision whether to order disentitlement in a particular case rests in the sound discretion of the district court." *Collazos*, 368 F.3d at 198.

b.  Discretion of the Court

The discretionary nature of the fugitive disentitlement statute permits the claimant to "present the district court with any facts and circumstances that might indicate that justice was not served by disentitlement in [his] case." *Id.* at 205. Rahim encourages the

Court to follow Judge Katzmann's concurrence in *Collazos* in the exercise of its discretion even if it cannot consider it in the adjudication of his status as a fugitive under CAFRA. (Cl.'s Mem. at 10-12.) He further argues that summary judgment would be premature and potentially a waste of judicial resources in light of other pending litigation.[6] (Cl.'s Mem. at 13-14.) For the reasons set forth below, the Court finds these arguments wholly unpersuasive.

First, Rahim's argument that the Court should reconsider the concurring opinion in *Collazos* — in which Judge Katzmann pointed out that "supporters of the legislation may not have intended to sweep as broadly as the statutory language suggests," *Collazos*, 368 F.3d at 206 — is meritless. As noted above, the majority opinion in *Collazos* is binding and the statutory language is clear. Complicated legislative history should not be grounds for disregarding otherwise clear statutory language and binding precedent under the guise of judicial discretion. Indeed, Rahim's invitation to the Court to second-guess the policy decisions of Congress does not "present . . . facts or circumstances" warranting non-application of the fugitive disentitlement provision. *Collazos*, 363 F.3d at 205.

Similarly, Rahim's arguments pertaining to judicial economy are unavailing. Rahim argues that because Plaintiff simultaneously seeks forfeiture of the Defendant Funds

---

[6] Nassem's appeal in the related criminal case is currently pending before the Second Circuit. (Cl.'s 56.1 ¶ 4.) Hina Ajaz's claim to the Defendant Funds has also not been resolved. (Cl.'s 56.1 ¶ 3.)

through criminal proceedings, summary judgment in the instant case would be premature pending the outcome of Nassem's appeal before the Second Circuit. (Cl.'s Mem. at 13.) However, the outcome of Naseem's appeal simply has no bearing on Rahim's status as a fugitive. Nor does Naseem's guilt or innocence affect the equitable administration of justice in Rahim's asserted interest in the Defendant Funds. Furthermore, the fact that Hina Ajaz, Rahim's ex-wife, has herself asserted a claim in the Defendant Funds is likewise irrelevant, since the Court will have to independently analyze Hina Ajaz and Rahim's claims in the Defendant Funds. A final adjudication of either party's claim will not influence the validity of the other party's claim. Staying the entry of summary judgment in this action thus would not meaningfully conserve judicial resources.

Put simply, Rahim's arguments fail to convince the Court that "justice [is] not served by disentitlement in [this] case." *Collazos*, 368 F.3d at 205. Indeed, the Court has not a moment's reservation in enforcing CAFRA's fugitive disentitlement provision on the facts presented here.

B. Motion to Withdraw as Counsel

Orrick seeks to withdraw as counsel for Rahim in light of Rahim's failure to pay Orrick's legal fees and his failure to communicate with or even contact counsel. (*See* Musoff Aff. ¶¶ 5-6.)

Pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Court for the Southern District of New York, a motion to withdraw as counsel may be granted, as in the instant case, "upon a

showing by affidavit." Local Civil Rule 1.4. "Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal" of counsel under Local Civil Rule 1.4. *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (collecting cases). Consequently, "[n]umerous courts have permitted attorneys to withdraw when clients deliberately disregard fee agreements." *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (collecting cases). Further, New York Disciplinary Rule 2-110(C)(1)(f) of the New York Code of Professional Responsibility allows for permissive withdrawal of counsel when the client "[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Code Prof. Resp. DR 2-110(C)(1)(f); *accord* ABA Model Code Prof. Resp. DR 2-110(C)(1)(f). Withdrawal is also appropriate when irreconcilable differences exist between client and counsel. *See, e.g.*, *McGuire*, 735 F. Supp. at 85 (granting motion to withdraw where counsel's affidavits "establish that the relationship between the parties has deteriorated beyond repair"). Irreconcilable differences may be shown when a party refuses to communicate with counsel. *See, e.g. Hancock v. County of Suffolk*, No. 06 Civ. 1716 (DRH) (ETB), 2007 WL 4180805, at *1 (E.D.N.Y. Nov. 20, 2007) (noting counsel's withdrawal "due to 'irreconcilable differences' consisting of the cessation of all communication with counsel which severely impaired counsel's ability to comply with the defendants' discovery demands and otherwise consult and assist in the litigation process"); *see also* N.Y. Code Prof. Resp. DR 2-110(C)(1)(d) (authorizing withdrawal by counsel when the client "renders it

unreasonably difficult for the lawyer to carry out employment effectively").

Through the Affidavit of Jay Musoff, Esq., Orrick has shown that Rahim has failed to meet its financial obligations to Orrick. (*See* Musoff Aff. ¶ 5.) Despite repeated attempts by counsel to contact Rahim by letter and telephone, he has not responded, nor has he tendered payment on nine separate invoices spanning almost a full year from November 13, 2007 to October 10, 2008. (*See id.* ¶¶ 5-6.) Based on this affidavit, Orrick has made a sufficient showing to support its motion to withdraw as counsel for Rahim.

III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted. Accordingly Ajaz Rahim's claim of interest in the Defendant Funds is dismissed. In addition, Orrick's motion to withdraw as counsel is granted.

Accordingly, the Clerk of the Court is directed to terminate the motions docketed as Documents No. 28 and No. 44

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: June 23, 2009
       New York, New York

***

Plaintiff United States of America is represented by Michael J. Garcia, United States Attorney for the Southern District of New York, and Barbara A. Ward, Joshua Klein, and Reed M. Brodsky, Assistant United States Attorneys of Counsel. Claimant Ajaz Rahim is represented by Jay K. Musoff and Seth M. Cohen, Orrick Herrington & Sutcliffe, 666 Fifth Avenue, New York, New York 10103.

8